Carroll,
No. 4536.

NORMAN E. LANGDON & a. v. RUDOLPH A. SIBLEY.

Argued November 8, 1956.
Decided November 29, 1956.

374

*James J. Kalled* and *Lawrence J. Walsh* (*Mr. Kalled* orally), for the plaintiffs.

*Eliot U. Wyman* (by brief and orally), for the defendant.

DUNCAN, J.   The defendant's motion to dismiss was made at the close of the plaintiffs' evidence and before the action was submitted for decision on the merits.   Under our practice this was the proper way to question the sufficiency of the plaintiffs' evidence to support the allegations of their bill.   *Kidd* v. *Traction Co.*, 74 N. H. 160. See *Moynihan* v. *Brennan*, 77 N. H. 273.   The plaintiffs' exception to the dismissal of the bill therefore requires that the evidence be viewed in the light most favorable to them.   *Stabrow* v. *Stabrow*, 96 N. H. 74.

The statute of frauds provides in part:  "No action shall be maintained upon a contract for the sale of land unless the agreement upon which it is brought, or some memorandum thereof, is in writing and signed by the party to be charged . . . . "   RSA 506:1. It is not disputed in the case before us that no formal purchase and sales agreement in writing was ever executed.   A memorandum of "the agreement" within the meaning of the statute presupposes the existence of a valid oral agreement between the parties.   2 Williston, Contracts (rev. *ed.*) *s.* 567; *Green* v. *McCormack*, 83 N. H. 509, 513.   There was thus a preliminary question for the Trial Court of whether the parties in fact reached an agreement of which the writing was a memorandum.

The testimony failed to establish any oral undertaking on the part of the defendant to accept the plaintiffs as purchasers, and the memorandum contained no express promise or agreement on his part to sell or convey to them (*cf.* 2 Corbin, Contracts, *s.* 501; 23 A. L. R. (2d) 164) and stated that it was an "option agreement." *Cf. Robinson Co.* v. *Drew*, 83 N. H. 459.   It might be thought that this undertaking was no more than one to enter into a "formal contract" if Mrs. Colbath should consent.   See 1 Corbin, Contracts, *s.* 61.   However in the view most favorable to the plaintiffs the defendant's act of signing the memorandum could be found to imply an undertaking on his part to sell to the plaintiffs, subject to

Mrs. Colbath's consent, and for the purpose of passing upon the plaintiffs' exception it may be assumed that the memorandum was a sufficient compliance with the statute. *Kidder* v. *Flanders*, 73 N. H. 345; *Swanson* v. *Priest*, 95 N. H. 64. Whether Mrs. Colbath's consent was intended to be a prerequisite to execution of a formal contract or to actual conveyance, the effect of the condition from the standpoint of the plaintiffs is the same.

No evidence of consent on the part of Mrs. Colbath was produced. While there was evidence that she recognized her lack of legal interest in the property, and approved generally of sale of the property by the defendant, consent to the proposed sale to the plaintiffs was not shown, and the evidence indicated that disapproval of execution of a formal sales contract by the defendant was clearly manifested by her. It thus appears that the plaintiffs' evidence did not warrant a finding of fulfillment of the condition upon which the defendant's obligation to convey depended. A ruling that the plaintiffs were entitled to specific performance would not have been supported by the evidence.

The contention that the provision for consent by Mrs. Colbath was a promise by the defendant to procure her consent, rather than a condition precedent to his obligation to perform cannot be accepted. Her consent became necessary only because the defendant stipulated that it should be. There was no occasion for him to insist upon her consent in the first place if he was also to be bound to obtain it.

The plaintiffs further contend that since the condition requiring Mrs. Colbath's consent was inserted at the defendant's insistence and was for his benefit, it could be found to have been waived by him when he offered to sign the formal contract in accordance with the outcome of the toss of a coin. This argument cannot prevail because of the requirements of the statute of frauds. Waiver of the provision calling for Mrs. Colbath's consent would effect a modification of the agreement in writing. An action to enforce the agreement as so modified could not be maintained because there was no unconditional agreement in writing. By the weight of authority, a parol agreement to modify a written agreement violates the statute of frauds and is unenforceable (49 Am. Jur., Statute of Frauds, s. 301; *Warren* v. *Dodge*, 83 N. H. 47, 48), unless "the plaintiff has performed it, or has taken action in reliance on it, as thus modified . . . . " *Warren* v. *Dodge, supra,* 49. See *Larose* v. *Porter*, 87 N. H. 241, 244.

The plaintiffs' evidence furnished no basis for a finding of estoppel arising out of their reliance upon the defendant's alleged waiver, and if a modified and unconditional agreement resulted from his conduct, the agreement, or a "memorandum thereof" (RSA 506:1, *supra*), was not in writing and the bill to enforce it was not maintainable.

There was no error in the order dismissing the plaintiffs' bill and their exception is overruled.

*Exception overruled.*

All concurred.